UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARIUS DARNELL JONES,

    Plaintiff,

v.                      Case No. 3:20cv5440-MCR-HTC

GRAHAM FOUNTAIN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Darius Darnell Jones, an inmate at Okaloosa County Jail ("OCJ") proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert a claim under 42 U.S.C. § 1983. ECF Doc. 1. Upon review of the complaint, the Court determined that it was deficient because it (1) was not accompanied by the requisite filing fee or a motion to proceed *in forma pauperis* and (2) failed to state a viable claim for relief under § 1983. Specifically, the Court found that Plaintiff's allegations that there is mold in and around the showers at OCJ and that, on a handful of occasions, the jail filled up with smoke were insufficient to state a conditions of confinement claim under the Eighth Amendment. Additionally, the Court found that Plaintiff was not entitled to his requested relief of $250,000.00 in monetary damages because Plaintiff had failed to allege any physical injuries.

Thus, on May 26, 2020, the Court gave Plaintiff twenty-one (21) days to either (1) cure the identified deficiencies by filing an amended complaint **and** a motion to proceed *in forma pauperis* or (2) voluntarily dismiss this action by filing a notice of voluntary dismissal. ECF Doc. 2. Plaintiff was warned that his failure to comply with the May 26 Order as instructed may result in a recommendation that this case be dismissed. Although the clerk docketed a motion to proceed *in forma pauperis* one (1) day after the May 26 Order was issued,[1] Plaintiff did not file an amended complaint as directed.

Thus, on June 23, 2020, the Court gave Plaintiff an additional fourteen (14) days to either file his amended complaint or otherwise show cause why this action should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 4. Plaintiff was again warned that his failure to comply with either the May 26 Order or the June 23 Order may result in a recommendation that this case be dismissed, this time without further notice.

More than fourteen (14) days have passed since the Court's June 23 Order, and Plaintiff has neither complied with the Order nor responded to the Order in any way. Indeed, despite the Court's prompting, Plaintiff has filed nothing in this action in at least seven (7) weeks.

---

[1] The motion to proceed *in forma pauperis* is dated prior to the filing of the complaint. Thus, it appears Plaintiff submitted it to prison officials prior to receiving the Court's May 26 Order.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to state a claim on which relief can be granted, failure to prosecute, and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 16th day of July, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.